UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| HOWARD YERKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 4:15-CV-41-HSM-CHS |
| ) | |
| AUSTIN SWING, Sheriff; JERRY SIRCY, ) | |
| Captain; KENNETH MATHEWS, M.D.; ) | |
| and BEDFORD COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

This prisoner's pro se civil rights action under 42 U.S.C. § 1983 is before the Court upon the postal return of court correspondence mailed to Plaintiff at the address he listed as his current address in his last communication with the Court [Doc. 9]. The correspondence was returned to the Court by the postal authorities more than fourteen days ago, with the face of the envelope marked, "Return to Sender, Refused, and Unable to Forward" [*Id.*].

Obviously, Plaintiff has failed to provide the Court with notice of his correct address and, without his correct and current address, neither the Court nor Defendants can communicate with him regarding his case. In fact, Local Rule 83.13 not only requires pro se litigants, such as Plaintiff, to file a written notice with the Clerk, but also requires written notice to be given to all parties, within fourteen days of any change of address. *See* E.D. Tenn. L.R. 83.13.

Accordingly, this action will be **DISMISSED**, sua sponte, for want of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case sua sponte for lack of prosecution); *White v. City of Grand Rapids*, 34

F.App'x 210, 211(6th Cir. 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE